IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| RODNEY K. LANGE, | ) | |
| Plaintiff, | ) | No. 12cv58 |
| v. | ) | |
| | ) | ORDER |
| DAN HAMDORF, MAYOR OF LOWDEN, and | ) | |
| BARRY HOFFMEIER, GAYLON CONRAD, | ) | |
| JIM OLSEN, DEAN BEHRENS, | ) | |
| REX McCREIGHT, LISA DECKER, | ) | |
| ALLEN HEMHOLD, and CHARLES RYAN, all | ) | |
| Council Members of City of Lowden, | ) | |
| MAGISTRATE JUDGE THERESA | ) | |
| SEEBERGER, and WILLIAM J. SUEPPEL, | ) | |
| Lowden City Attorney, | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Seeberger's resisted Motion to Dismiss, filed July 31, 2012, and on defendant Sueppel's unresisted Amended Motion for Summary Judgment, filed September 10, 2012.  Granted.

Plaintiff a resident of Lowden, Iowa, brings this action for damages against defendants arising from circumstances preceding and involving a judicial proceeding in Lowden, Iowa.  Defendant Hamdorf is the Mayor of Lowden, defendants Hoffmeier, Conrad, Olsen, Behrens, McCreight, Decker, Hemhold and Ryan are members of the Lowden City Council, Magistrate Judge Theresa Seeberger was the presiding judge, and defendant Sueppel is the Lowden City Attorney.  As the court understands plaintiff's Complaint, plaintiff characterizes this as a civil rights action,

and urges that defendants, through the City of Lowden attorney, sent him a notice to get a building permit and move a garage because it was within three feet of his house.  He asserts that Magistrate Judge Seeberg ordered him to get a building permit, and imposed a fine.  Jurisdiction is based on 28 USC §1343.

Plaintiff asserts that in the course the above actions, defendants deprived him of constitutional rights, conspired to deprive him of constitutional rights, and failed to protect him from a conspiracy to deprive him of constitutional rights.  Plaintiff urges that Magistrate Judge Seeberger's order was in violation the US Constitution, and that defendants' actions were done "under color of law."   While his Complaint is not a model of clarity, it further appears plaintiff claims a violation of a Sixth Amendment right to cross examination during the proceeding before Magistrate Judge Seeberger, and that defendants violated their oaths of office under federal, state, and municipal law, attempted to impose totalitarian socialism, abused their discretion, exceeded their jurisdiction, and neglected to protect him from conspiracy.

Defendant Magistrate Judge Seeberger seeks dismissal, asserting plaintiff fails to state a claim upon which relief can be granted under 42 USC §1983, and further, asserts entitlement to absolute judicial immunity.

"A judge is immune from suit…in all but two narrow sets of circumstances. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" Schottel v. Young, 687 F3d 370, 373 (8th Cir. 2012)(citation and internal citations omitted), petition for cert. filed, (Oct. 26, 2012) (No. 12-541).

Upon review of the Complaint, and accepting the alleged facts as true, it is the court's view that plaintiff's claims against defendant Seeberger do not fall within the narrow exception, and defendant Seeberger is entitled to absolute immunity. Her motion to dismiss shall be granted upon that basis.

Defendant Sueppel's Motion for Summary Judgment is properly supported and unresisted. The motion shall be granted pursuant to LR 7.f.

It is therefore

ORDERED

1. Defendant Seeberger's Motion to Dismiss granted.

2. Defendant Sueppel's Motion for Summary Judgment granted.

November 9, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT